*789 OPINION OF THE COURT
Sidney H. Asch, J.
On October 14, 1976, it was determined that this motion by defendant German Information Center (GIC) to dismiss plaintiffs complaint on the ground, inter alia, of sovereign immunity would be held in abeyance pending the recommendation of the Department of State as to whether sovereign immunity should be granted to defendant. The parties submitted the issue to the Department of State but, before the department’s opinion was issued, the Foreign Sovereign Immunities Act of 1976 (US Code, tit 28, § 1602 et seq.) became effective. That act eliminated the role of the Department of State in determining issues of sovereign immunity and gave the responsibility for making such determinations to the courts, State and Federal. The Department of State did, however, issue a decision, apparently on the basis that the matter had been submitted to it before the effective date of the act, in which it is suggested that the claim of sovereign immunity be denied. Under all of the circumstances, the court will consider the opinion of the department as something akin to expert testimony and, while according it some weight, will decline to treat it as controlling. Indeed, long before the passage of the Foreign Sovereign Immunities Act, the courts refused to be bound "never [to] grant immunity unless the State Department specifically requests it.” (Victory Transp. v Comisaria Gen. de Abastecimientos v Transportes, 336 F2d 354, 358.)
In her complaint, plaintiff, widow and executrix of the estate of decedent, seeks unpaid compensation and other benefits by reason of the alleged employment of decedent by defendant GIC, primarily in connection with work allegedly performed by decedent on five documentary type films. In support of the assertion of sovereign immunity, it is contended that GIC is merely a section of the Consulate General of the Federal Republic of Germany, that the films were made in connection with fostering cultural relations and promoting understanding between Germany and the United States, an activity generally recognized as diplomatic in nature, and that no charge was ever made for the use of the films. GIC also stipulates that, if a suit were to be commenced in Germany by plaintiff, the defense of sovereign immunity would not be raised.
In its opinion, the State Department suggests that the employment of an individual to perform services in connection *790 with a public relations function is not a uniquely governmental activity and partakes more of the nature of a commercial or private transaction. On this basis, the department indicates that "it would not be appropriate to recognize sovereign immunity in this case.”
The court does not agree. The landmark case of Victory Transp. v Comisaria Gen. de Abastecimientos y Transportes (supra, p 360) sets forth the workable guideline that a claim for sovereign immunity should be denied "unless it is plain that the activity in question falls within one of the categories of strictly political or public acts about which sovereigns have traditionally been quite sensitive.” The five categories there listed include "(4) acts concerning diplomatic activity.” Any question that the term "diplomatic activity” should be given a limited definition is put to rest by the Court of Appeals, Second Circuit, in Heaney v Government of Spain (445 F2d 501, 503, n 3) in which it is set forth that "[t]he use of the term 'diplomatic’ in Victory Transp. was obviously intended in the broad sense of the word and was not meant to be limited to the activities of diplomatic missions.”
The development of "economic, cultural and scientific relations” and the promotion of "friendly relations” are recognized as diplomatic functions by the 1961 Vienna Convention on Diplomatic Relations (23 UST 3229, art 3).
Accordingly, the court finds that the alleged employment of plaintiffs decedent was "an act concerning diplomatic activity”; the defense of sovereign immunity is therefore afforded to defendant GIC, and the complaint is dismissed as to it.
The case of Heaney v Government of Spain (supra) was based on facts similar in many respects to the facts in the instant case. There, plaintiff alleged employment by defendant in a public relations status to assist in fostering ill-feeling toward Great Britain which defendant felt would be of assistance in its attempts to regain sovereignty over Gibraltar. The court in that case held that activity of this nature fell clearly within the "acts concerning diplomatic activity” category of "strictly political or public acts” set forth in Victory Transp., and sustained the defense of sovereign immunity. Whether the object of the public relations effort is to foster ill-feeling (as in Heaney) or to promote friendly relations (as in the instant case), the activity itself is clearly diplomatic in nature and therefore is a "strictly political or public act”, predicated on sovereign immunity.
*791 The contention of plaintiff that GIC is somehow estopped from denying that the decision of the State Department should be given binding effect is of no merit.