Ronald TUCK, Appellant,

v.

PAN AMERICAN HEALTH
ORGANIZATION, et al.

No. 80–2553.

United States Court of Appeals,
District of Columbia Circuit.

Submitted Without Oral Argument.

Decided Nov. 13, 1981.

Ronald Tuck, Washington, D. C., was on the brief pro se.

Ramsay D. Potts, Leslie A. Nicholson, Jr. and Judith A. Sandler, Washington, D. C., were on the brief for appellees.

Before WRIGHT, TAMM and EDWARDS, Circuit Judges.

Opinion for the Court filed by Circuit Judge EDWARDS.

EDWARDS, Circuit Judge:

Ronald Tuck filed suit in the United States District Court for the District of Columbia on June 23, 1980, against the Pan American Health Organization ("PAHO") and its Director, Dr. Hector R. Acuna. On November 14, 1980, the District Court dismissed the suit for failure to state a claim against the defendants due to an absence of "state action." We affirm in part the dismissal of Tuck's suit, but for reasons other than those relied upon by the District Court; however, we reverse in part and remand with respect to certain issues not addressed by the District Court.

## I. BACKGROUND

The PAHO is a recognized international organization with its headquarters in Washington, D.C. The purpose of the organization is to "promote and coordinate efforts of the countries of the Western Hemisphere to combat disease, lengthen life, and promote the physical and mental health of the people."[1] In his complaint to the District Court, Tuck alleged that the PAHO and Dr. Acuna (1) breached and tortiously interfered with Tuck's contract with the PAHO

---

1. Constitution of the Pan American Health Organization, ch. I, art. 1, *reprinted in* International Governmental Organizations: Constitutional Documents, Parts 3 & 4, at 380 (3d rev. ed. A. Peaslee 1979).

The PAHO was created in 1947 by the United States and the 19 other signatory nations to the Pan American Sanitary Code of 1924, *entered into force for the United States* June 26, 1925, 44 Stat. 2031, T.S. No. 714, 86 L.N.T.S. 43. Pursuant to the Constitution of the World Health Organization, ch. XI, art. 54, *entered into force for the United States* June 21, 1948, 62 Stat. 2679, T.I.A.S. No. 1808, 14 U.N.T.S. 185, the PAHO was integrated into WHO in 1949 as its regional office for the Western Hemisphere.

Staff Association (an entity apparently separate from the PAHO but consisting of most or all PAHO employees) to provide legal services to the Staff Association and its members, (2) discriminated against Tuck on the basis of race in violation of the Fifth and Fourteenth Amendments, and (3) interfered with Tuck's attorney-client relationships with PAHO employees in violation of the First and Fifth Amendments. App. 2–4.

The defendants moved to dismiss the suit on jurisdictional and immunity grounds. App. 5. The District Court did not pass upon these issues, but instead dismissed the suit for failure to state a claim against these defendants due to the absence of governmental action. *Tuck v. Pan American Health Organization*, Civ. No. 80–1546 (D.D.C. Nov. 14, 1980); App. 160–61. Tuck then brought this appeal.

## II. JURISDICTION

◼ Jurisdiction is, of necessity, the first issue for an Article III court. The federal courts are courts of limited jurisdiction, and they lack the power to presume the existence of jurisdiction in order to dispose of a case on any other grounds. *See, e.g., Bö rs v. Preston*, 111 U.S. 252, 4 S.Ct. 407, 28 L.Ed. 419 (1884); *Turner v. President, Directors & Co. of the Bank of North America*, 4 U.S. (4 Dall.) 8, 11, 1 L.Ed. 718 (1799).[2]

**2.** To the extent that dictum in *Broadbent v. Organization of American States*, 628 F.2d 27, 30 (D.C.Cir.1980), suggests otherwise, we reject the suggestion.

**3.** Appellees contend that Counts II and III of the complaint, requiring as they do some measure of governmental action, are too insubstantial to supply the jurisdictional basis for this suit. Appellees' Brief at 20–21. A claim is insubstantial for jurisdictional purposes, however, only if it is "obviously frivolous" or if "its unsoundness so clearly results from the previous decisions of [the Supreme Court] as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy." *Hannis Distilling Co. v. Mayor of Baltimore*, 216 U.S. 285, 288, 30 S.Ct. 326, 327, 54 L.Ed. 482 (1910), *quoted in Hagans v. Lavine*, 415 U.S. 528, 537, 94 S.Ct. 1372, 1379, 39 L.Ed.2d 577 (1974).

◼ In the instant case, we find that the District Court properly had jurisdiction to consider Tuck's claims. Counts II and III of the complaint allege violations of Tuck's and his client's constitutional liberties, thus furnishing the court with federal question jurisdiction. 28 U.S.C.A. § 1331 (Supp. 1981).[3] Furthermore, although Count I states a common law claim, it too was properly before the District Court through the application of pendent jurisdiction. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

## III. IMMUNITY

◼ We turn next to the issue of immunity. We purposely consider the defendants' asserted immunity defenses before we consider plaintiff's claims on the merits. As has been frequently noted, immunity, where justly invoked, properly shields defendants "not only from the consequences of litigation's results but also from the burden of defending themselves." *Dombrowski v. Eastland*, 387 U.S. 82, 85, 87 S.Ct. 1425, 1427, 18 L.Ed.2d 577 (1967) (per curiam), *quoted in Davis v. Passman*, 442 U.S. 228, 235 n.11, 99 S.Ct. 2264, 2271 n.11, 60 L.Ed.2d 846 (1979). This shield would be lost if the merits of a complaint were fully tried before the immunity question was addressed.[4]

Appellees have been unable to point to, and we have been unable to find, any Supreme Court decision suggesting that the actions of an international organization of which the United States is a member and major financial supporter may never constitute governmental (or state) action. In addition, it is not "obviously frivolous" to suggest that certain actions of such an organization may be governmental (or state) actions. Hence, we reject the appellees' insubstantiality argument.

**4.** We recognize, of course, that, because the issues often are so intertwined, it may be impossible in some suits to resolve a claim of immunity without first conducting a limited factual inquiry. *See Forsyth v. Kleindienst*, 599 F.2d 1203 (3d Cir. 1979), *cert. denied,* 453 U.S. 913, 101 S.Ct. 3147, 69 L.Ed.2d 997 (1981). Such is not the case here.

■ Upon consideration of the claims raised by appellant Tuck, we find that appellees' are in most respects immune from suit in District Court. However, like the panel of this court in *Broadbent v. Organization of American States*, 628 F.2d 27 (D.C. Cir.1980), we need not decide whether the International Organizations Immunities Act of 1945, 22 U.S.C. § 288a(b) (1976), when read in light of the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1604, 1605 (1976), grants the PAHO absolute or restrictive immunity.[5] After full review of the parties' arguments, we conclude that even under the less expansive restrictive immunity standard, which permits a lawsuit based on "commercial activity" to be maintained against a sovereign without its consent, 28 U.S.C. § 1605(a)(2) (1976), the PAHO is immune from suit in this case. Tuck's claims arise from the PAHO's supervision of its civil service personnel and from its provision and allocation of office space. Neither constitutes a "commercial activity" potentially subjecting the PAHO to suit. *See* 28 U.S.C. § 1603(d) (1976); *Broadbent v. Organization of American States*, 628 F.2d 27, 33–36 (D.C.Cir.1980).[6] Because the PAHO is immune from this suit if restrictive immunity applies, it is *a fortiori* immune if absolute immunity applies.

We also find Dr. Acuna immune from suit in his official capacity. To the extent that the acts alleged in the complaint relate to Dr. Acuna's functions at PAHO Director, the provisions of 22 U.S.C. § 288d(b) (1976) protect him from suit.[7]

■ The District Court, however, did not pass upon Tuck's claims against Dr. Acuna in his individual capacity.[8] Although our immunity holdings require dismissal of Counts II and III of the complaint, thereby depriving the court of any pendent jurisdiction over the common law claims in Count I, *see United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966), it is possible that the District Court might have diversity jurisdiction over the common law claims against Dr. Acuna individually. 28 U.S.C. § 1332(a)(3) (1976). Because the District Court did not consider this possibility, we remand the case for the District Court to determine whether Tuck may amend his complaint to allege diversity jurisdiction. *See* 28 U.S.C. § 1653 (1976); Fed.R.Civ.P. 15(a). If the District Court allows Tuck to so amend his complaint, it will be the District Court's responsibility to resolve any disputes over the existence of diversity jurisdiction and to decide whether

5. In 1960 President Eisenhower designated the PAHO an international organization for the immunity purposes of the International Organizations Immunities Act, 22 U.S.C. §§ 288–288i (1976 & Supp. III 1979). Exec.Order No. 10,-864, 25 Fed.Reg. 1507 (1960).

6. Tuck's complaint alleges, and for present purposes we take as true, that "the PAHO is engaged in the business of leasing commercial and residential property in the District of Columbia, such business amounting to a commercial activity." Complaint ¶ 4, App. 2. There is, however, no allegation of a nexus between that commercial activity and the actions of which Tuck complains. Thus, this suit is not "based upon a commercial activity" as required by 28 U.S.C. § 1605(a)(2) (1976).

7. Section 288d(b) provides in relevant part: "[O]fficers and employees of [international] organizations shall be immune from suit and legal process relating to acts performed by them in their official capacity and falling within their functions as ... officers or employees ...." Dr. Acuna has been duly notified to and accepted by the Secretary of State as PAHO Director,

as required for immunity purposes by 22 U.S.C. § 288e(a) (1976). App. 51–52. In *United States v. Enger*, 472 F.Supp. 490, 502 n.4 (D.N. J.1978), this international official immunity was aptly described as "immunity coextensive with functional necessity." *Cf. Barr v. Matteo*, 360 U.S. 564, 575, 79 S.Ct. 1335, 1341, 3 L.Ed.2d 1434 (1959) (plurality opinion) ("The fact that the action here taken was within the outer perimeter of petitioner's line of duty is enough to render the privilege applicable....").

8. Indeed, the District Court's Memorandum Order made no reference to the common law claims against Dr. Acuna in his individual capacity. *See Tuck v. Pan American Health Organization*, Civ. No. 80–1546 (D.D.C. Nov. 14, 1980); App. 160–61. It is possible that the District Court dismissed these claims for lack of pendent jurisdiction, for failure to allege any actions taken by Dr. Acuna in his individual capacity, or for some other reason, but it is not the role of an appellate court to conjecture a District Court's reasons for a holding.

Tuck has alleged any actions taken by Dr. Acuna in his individual capacity, thereby potentially subjecting him to liability.

## IV. CONCLUSION

We affirm the judgment of the District Court dismissing the action against the Pan American Health Organization and against Dr. Acuna in his official capacity as PAHO Director. We, however, reverse the District Court's dismissal of the common law claims against Dr. Acuna in his individual capacity and remand the case for the District Court's consideration of those claims in a manner consistent with this opinion.

*So ordered.*