**Carr L. DONALD, Appellant,**

v.

**Alejandro ORFILA.**

**No. 85–5936.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 4, 1986.
Decided April 18, 1986.

Francis X. McLaughlin, for appellant.

William M. Berenson, with whom William D. Rogers and Darrel J. Hieber, Washington, D.C., were on brief, for appellee.

Before EDWARDS, GINSBURG and BUCKLEY, Circuit Judges.

## JUDGMENT

PER CURIAM.

This cause was reviewed on the record from the United States District Court for the District of Columbia and was briefed and argued by counsel for the parties. The panel has considered the issues presented and finds they occasion no need for an opinion. *See* D.C.Cir.R. 13(c). For the reasons stated in the accompanying memorandum, it is

ORDERED and ADJUDGED, by this Court, that the judgment from which this appeal has been taken is affirmed. It is

FURTHER ORDERED, by this Court, *sua sponte*, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* Local Rule 14, as amended on November 30, 1981 and June 15, 1982. This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.

## MEMORANDUM

This case relates to the termination of plaintiff-appellant's employment by direction of the Secretary General of the Organization of American States. Plaintiff-appellant Carr L. Donald charged that the Secretary General, Alejandro Orfila, acted in bad faith, thereby unlawfully interfering with Donald's employment contract and intentionally inflicting emotional distress. The district court dismissed the complaint. *Donald v. Orfila,* 618 F.Supp. 645 (D.D.C.1985). We affirm for the reasons set out below.

This case is controlled by our decision in *Tuck v. Pan American Health Organization,* 668 F.2d 547 (D.C.Cir.1981). We held in *Tuck* that the director of an international organization headquartered in Washington, D.C., was shielded from suit by 22 U.S.C. § 288d(b) "[t]o the extent that the acts alleged in the complaint relate to [his] functions [as director]." 668 F.2d at 550.

The generative action in the instant case—termination of Donald's employment—unquestionably relates to Orfila's official functions. Donald does not present in his complaint or other submissions any objectively observable action taken by Orfila in his individual capacity. Instead, Donald invites court examination of Orfila's motive for an official act; if the court finds the motive bad, then, Donald argues, the court must characterize the action "individual," not "official." Were courts to engage in such an inquiry, the 22 U.S.C. § 288d(b) immunity shield, which Congress intended to afford solid protection, would indeed be evanescent.