**Enrique SEGNI, Plaintiff,**

v.

**COMMERCIAL OFFICE OF SPAIN, Defendant.**

**No. 85 C 7721.**

United States District Court, N.D. Illinois, E.D.

Jan. 27, 1987.

See also 650 F.Supp. 1040.

Richard J. Witry, McCarthy, Duffy, Neidhart & Snakard, Chicago, Ill., for plaintiff.

Franklin P. Auwarter, George A. Martinez, Mayer, Brown & Platt, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BRIAN BARNETT DUFF, District Judge.

On December 24, 1986, this court denied the defendant Commercial Office of Spain's ("Commercial Office") motion to dismiss for lack of subject matter jurisdiction on the ground that its employment contract with plaintiff Enrique Segni was a "commercial activity" within the meaning of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq. Segni v. Commercial Office of Spain*, 650 F.Supp. 1042 (N.D.Ill.1986). The Commercial Office has now petitioned this court for certification under the Interlocutory Appeals Act and moved to stay the proceedings pending appeal.

The Interlocutory Appeals Act enables this court to certify an order for interlocutory appeal if (1) it involves a controlling question of law; (2) there is substantial ground for difference on that question of law; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

A controlling question of law is one which would require reversal on appeal if incorrectly decided. *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir.), *cert. denied*, 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974). Federal courts are

courts of limited jurisdiction; we cannot hear cases over which we do not have subject matter jurisdiction, and can be reversed for doing so. Our ruling as to subject matter jurisdiction is therefore a controlling question under § 1292(b).

■ It is also true that an immediate appeal may materially advance the ultimate termination of this lawsuit. If we erred in deciding the jurisdictional question, the litigation ends. Thus the third requirement is also met.

■ The second requirement, however, is not met, since there is no substantial ground for difference on the question of whether Mr. Segni's employment contract is a "commercial activity" within the meaning of the FSIA. The House Report concerning the commercial activities exception clearly states that the employment of third party nationals by the foreign state in the United States is a commercial activity. *See* H.Rep. No. 94–1487, 94th Cong., 2d Sess. 16 (1976), *reprinted in* 1976 U.S. Code Cong. & Admin.News 6604, 6615; *see also, State Bank of India v. National Labor Relations Board,* 808 F.2d 526, 535 (1986).[1]

Since the record discloses that Mr. Segni is an Argentine national, and it is undisputed that he is employed by the Commercial Office in this country, there is no room for disagreement. Alternatively, Mr. Segni's contract with the Commercial Office contains no terms to which only a sovereign could agree, and is therefore commercial in nature. *See Practical Concepts v. Republic of Bolivia,* 613 F.Supp. 863, 869 (D.D.C. 1985)

Accordingly, the petition for certification under the Interlocutory Appeals Act is denied and the motion to stay the proceedings pending appeal is not reached.

IT IS SO ORDERED.

1. The Commercial Office persists in stating that the issue is "whether a foreign state's employment of persons to carry out that state's *governmental* activities in the United States is a commercial activity...." Defendant's Petition for Certification at 1–4, *passim* (emphasis added).

*See also,* Memorandum in Support of Defendant's Motion to Dismiss at 6, 9; Reply Memorandum in Support of Defendant's Motion at 2, 4, 6, 8, 9 and 10. This is not the issue, however, but the Commercial Office's argument.