878 F.Supp. 1078 (1995)
In re BRAND NAME PRESCRIPTION DRUGS ANTITRUST LITIGATION.
This document relates to: All Cases.
No. 94 C 897.
United States District Court, N.D. Illinois, Eastern Division.
January 4, 1995.
*1079 Greg Shinall, Sperling, Slater & Spitz, P.C., Chicago, IL, Jeff Robert Branick, Richard Lyle Coffman, Provost & Umphrey, Beaumont, TX, for Antitrust Litigation.
James M. McGraw, Looper, Reed, Mark & McGraw, Inc., Houston, TX, for Randalls Food & Drug.
Catherine A. Sazdanoff, Abbott Laboratories, Abbott Park, IL, Frank Cicero, Jr., James Andrew Langan, Jeffrey A. Leon, Anne J. McClain, Jeffrey S. Cashdan, Kirkland & Ellis, Chicago, IL, for Abbott Laboratories.
H. Blair White, John W. Treece, Bruce Michael Zessar, Sidley & Austin, Chicago, IL, for GD Searle & Co. defendant.
Kael Behan Kennedy, James L. Komie, Schuyler, Roche & Zwirner, Chicago, IL, Marguerite S. Boyd, John W. Nields, Jr., Howrey & Simon, Salvatore A. Romano, Patricia A. Gaegler, Arent, Fox, Kintner, Plotkin & Kahn, Washington, DC, for Bendley Western Industries, Inc.
Jerome H. Torshen, Torshen, Spreyer & Garmisa, Ltd., Lee A. Freeman, Freeman, Freeman & Salzman, P.C., Chicago, IL, David E. Everson, Stinson, Mag & Fizzell, P.C., Kansas City, MO, Michael Lee Brooks, Gregory D. Hanley, Brooks, Cahill & Hanley, Chicago, IL, Richard Alan Arnold, Scott E. Perwin, James J. Kenny, William J. Blechman, Kenny, Nachwalter, Seymour, Arnold, Critchlow & Spector, P.A., Miami, FL, Richard W. Giauque, Stephen T. Hard, Douglas H. Patton, Giauque, Crockett, Bendinger & Peterson, Salt Lake City, UT, Peter J. Venaglia, Jeffrey M. Strank, Dornbush, Mensch, Mandelstam & Schaeffer, New York City, for Marion Merrell Dow Inc.
Ruth F. Masters, Latham & Watkins, Ralph Joseph Gabric, Willian, Brinks, Olds, Hofer, Gilson & Lione, Ltd., Lee A. Freeman, Jr., John F. Kinney, James T. Malysiak, Freeman, Freeman & Salzman, P.C., Richard William Austin, Richard S. Wisner, Audrey A. Berish, Pretzel & Stouffer, Chtd., Thomas D. Rosenwein, Nancy Schaefer, David Stewart Fleming, Heather A. Libbey, Schaefer, Rosenwein & Fleming, Chicago, IL, Mark G. Arnold, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, MO, George L. Saunders, Jr., Saunders & Monroe, Chicago, IL, William F. Cavanaugh, Jr., Patterson, Belknap, Webb & Tyler, Thomas F. Curnin, Laura Mezey, Cahill, Gordon & Reindel, New York City, Donald L. Flexner, Crowell & Moring, Jennifer A. Albert, Arent, Fox, Kintner, Plotkin & Kahn, Washington, DC, Richard J. Holwell, Ronald W. Davis, White & Case, New York City, Arthur Makadon, Mark S. Stewart, Leslie E. John, Daniel *1080 Schoor-Rube, Stephen J. Kastenberg, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, PA, Herbert Dym, David L. Meyer, Jonathan R. Galst, Covington & Burling, Washington, DC, Robert E. Davy, Robert E. Davy, Jr. & Associates, Chicago, IL, Frederick P. Furth, Furth, Fahrner & Mason, Joseph L. Alioto, Joseph L. Alioto Law Offices, San Francisco, CA, Barbara Reeves, Morrison & Foerster, Los Angeles, CA, John Alexander Cochrane, Cochrane & Bresnahan, Charles Harley Johnson, Johnson Law Office, Joseph Andrew Kowalcik, Kowalcik Law Office, St. Paul, MN, John Kenneth Kallman, Law Offices of John Kenneth Kallman, Chicago, IL, Robert A. Milne, Dewey Ballantine, New York City, for Burroughs Wellcome Co.
Craig Allen Varga, Peterson & Ross, Chicago, IL, Alan J. Weinschel, Bruce A. Colbath, Weil, Gotshal & Manges, New York City, Steven P. Mandell, Davidson, Goldstein, Mandell & Menkes, Chicago, IL, for Foxmeyer Drug Co.
William J. Gibbons, Latham & Watkins, Chicago, IL, J. Thomas Rosch, McCutchen, Doyle, Brown & Enersen, Trevor J. Chaplick, Latham & Watkins, San Francisco, CA, for McKesson Corp.
Jerome I. Chapman, Kenneth A. Letzler, Deena R. Bernstein, Jill T. Feeney, Arnold & Porter, Washington, DC, Kenneth M. Sullivan, Gardner, Carton & Douglas, Chicago, IL, for Glaxo, Inc.
Nathan P. Eimer, Sidley & Austin, Chicago, IL, Mary B. Cranston, Jeffrey S. Ross, Terrence A. Callan, San Francisco, CA, for Phone-Poulenc Rorer, Inc.
Thomas F. Gardner, Deborah Platt Herman, Jones, Day, Reavis & Pogue, Alan H. Silberman, Sanford Mark Pastroff, Evan G.S. Siegel, Sonnenschein, Nath & Rosenthal, Chicago, IL, David Klingsberg, Michael Malina, David Copeland, Kaye, Scholer, Fierman, Hays & Handler, New York City, for Pfizer Inc.
Daniel Richard Formeller, Andrea Ellen Kayne, Tressler, Soderstrom, Maloney & Priess, Donald E. Egan, Stephen David Libowsky, Katten, Muchin & Zavis, Chicago, IL, Kenneth R. Logan, Richard C. Weisberg, Joseph F. Tringali, Kathryn A. Clokey, Peter G. Koclanes, Simpson, Thacher & Bartlett, New York City, for American Home Products Corp.
Jacqueline A. Criswell, Tressler, Soderstrom, Maloney & Priess, Chicago, IL, Steven E. Bizar, Howard D. Scher, Stephen J. Levy, Montgomery, McCracken, Walker and Rhoads, Philadelphia, PA, for Alco Health Services Corp.
William M. Hannay, Linda K. Stevens, Schiff, Hardin & Waite, Chicago, IL, Robert K. Stanley, James H. Ham, III, Baker & Daniels, Indianapolis, IN, for Eli Lilly & Co.
Paul C. Saunders, Douglas D. Broadwater, Stephen S. Madsen, Cravath, Swaine & Moore, Kevin J. Arquit, Richard A. Cirillo, Rogers & Wells, New York City, Eric D. Freed, Law Offices of Eric D. Freed, Los Angeles, CA, for Bristol-Meyers Squibb Co.
Larry J. Saylor, Catherine M. Patterson, Miller, Canfield, Paddock & Stone, Detroit, MI, Martin J. Dubowsky, Martin J. Dubowsky, Ltd., Chicago, IL, James G. Vantine, Jr., B. Jay Yelton, III, Charles E. Ritter, Kalamazoo, MI, for Upjohn Co.
William F. Cavanaugh, Jr., Thomas W. Pippert, Roosevelt N. Nesmith, Patterson, Belknap, Webb & Tyler, New York City, for Johnson and Johnson Vision Products, Inc.
Michael M. Conway, Hopkins & Sutter, P.C., Scott M. Mendel, Michael Sennett, Matthew K. Phillips, Ellen Kornichuk Emery, Michael J. Abernathy, Stephen H. Wenc, Carolyn Suzanne Palk, Carolyn Suzanne Palk, Bell, Boyd & Lloyd, Chicago, IL, John W. Nields, Jr., Marguerite S. Boyd, Howrey & Simon, Washington, DC, Jennifer A. Albert, Arent, Fox, Kintner, Plotkin & Kahn, Washington, DC, for Purdue Frederick Co.
Aldo A. Badini, Deirdre M. McDonald, White & Case, Michael J. Gallagher, Dewey Ballantine, New York City, for Ciba-Geigy Corp.
William M. McErlean, Fredric Adam Cohen, Suzanne Robinson, Rudnick & Wolfe, Chicago, IL, for Thrift Drug Inc.
Michael M. Conway, Hopkins & Sutter, P.C., Chicago, IL, John W. Nields, Jr., Howrey & Simon, Washington, DC, for Schering-Plough Corp.
*1081 Richard Lewis Reinish, Keck, Mahin & Cate, Chicago, IL, Arlin M. Adams, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, Steve D. Shadowen, Schnader, Harrison, Segal & Lewis, Harrisburg, PA, Ira P. Tiger, Philadelphia, PA, for RX USA, Inc.
Stephen David Libowsky, Katten, Muchin & Zavis, Chicago, IL, Kenneth R. Logan, Joseph F. Tringali, Simpson, Thacher & Bartlett, New York City, for American Cyanamid Co.

MEMORANDUM OPINION
KOCORAS, District Judge:
This matter is before the court on the Manufacturer Defendants' motion for certification for interlocutory appeal. On October 18, 1994, this court issued an order denying the Manufacturer Defendant's motion for summary judgment. In that motion, the Manufacturer Defendants argued that the plaintiffs were indirect purchasers within the meaning of Illinois Brick Co. v. Illinois, 431 U.S. 720, 97 S.Ct. 2061, 52 L.Ed.2d 707 (1977). In denying the defendant's motion, we held that Illinois Brick had no application to cases involving allegations of vertical conspiracy and thus posed no bar to the plaintiffs' claims. Subsequent to the issuance of the October 18, 1994 Order, the Manufacturer Defendants moved to have the issue certified for interlocutory appeal. For the reasons set forth below, the defendant's motion is denied.

DISCUSSION
The Manufacturer Defendants seek to have the following issue certified for interlocutory appeal: In a private antitrust action under Section 1 of the Sherman Act, 15 U.S.C. § 1, and Section 4 of the Clayton Act, 15 U.S.C. § 15, involving an alleged conspiracy between and among manufacturer and wholesaler defendants, which results in higher manufacturer prices on goods purchased by wholesalers and resold to retailer plaintiffs, do Kansas v. UtiliCorp United, Inc., 497 U.S. 199, 110 S.Ct. 2807, 111 L.Ed.2d 169 (1990), and Illinois ex rel. Burris v. Panhandle E. Pipe Line Co., 935 F.2d 1469 (7th Cir.1991), cert. denied, 502 U.S. 1094, 112 S.Ct. 1169, 117 L.Ed.2d 415 (1992), bar retail purchasers from suing the manufacturers for damages based upon prices that were allegedly inflated at the manufacturer level?
As a general proposition, "permission to take an interlocutory appeal should be granted sparingly and with discrimination." In re Folding Carton Antitrust Litigation, 75 F.R.D. 727, 738 (N.D.Ill.1977). Certification is the exception and not the rule. Zygmuntowicz v. Hospitality Invs., 828 F.Supp. 346, 353 (E.D.Pa.1993). When deciding a motion for certification, the district court must consider the following factors: (1) whether the motion to be appealed involves a controlling question of law; (2) whether there is a substantial ground for difference of opinion on that question of law; and (3) whether an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); Segni v. Commercial Office of Spain, 650 F.Supp. 1045, 1046 (N.D.Ill.1987). Although the issue to be appealed involves a controlling question of law, we find that the other two factors set forth in § 1292(b) have not been satisfied. As such, the defendant's motion for certification must be denied.

A. Substantial Grounds for Difference of Opinion
Interlocutory review "should not be used merely to provide review of difficult rulings in hard cases." McCann v. Communications Design Corp., 775 F.Supp. 1506, 1534 (D.Conn.1991) (citing United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir.1966)). Rather, the existence of a "difficult central question of law which is not settled by controlling authority" must be demonstrated. In re Heddendorf, 263 F.2d 887, 889 (1st Cir.1959). If the controlling court of appeals has ruled on a question, then no substantial ground for difference of opinion exists, and there is no reason for immediate appeal. See Walker v. Eastern Air Lines, Inc., 785 F.Supp. 1168, 1174 (S.D.N.Y. 1992). Where a controlling court of appeals has not decided an issue, it must still be demonstrated that a "substantial likelihood" exists that the district court ruling will be reversed on appeal. TCF Banking and Sav., *1082 F.A. v. Arthur Young & Co., 697 F.Supp. 362, 366 (D.Minn.1988).
In Fontana Aviation, Inc. v. Cessna Aircraft Co., 617 F.2d 478 (7th Cir.1980), an aircraft dealer, alleging a conspiracy between the aircraft manufacturer and the aircraft distributor, brought suit against the manufacturer charging antitrust violations. The Seventh Circuit held that Illinois Brick did not bar the plaintiff dealer's claim. Id. at 480. In its discussion of Illinois Brick's applicability to the situation, the Seventh Circuit proclaimed:
We are not satisfied that the Illinois Brick rule directly applies in circumstances where the manufacturer and the intermediary are both alleged to be co-conspirators in a common illegal enterprise resulting in intended injury to the buyer.
Id. at 481. Thus, in Fontana, the Seventh Circuit indicated that the "co-conspiracy intermediary issue" was not within the realm of Illinois Brick and was no bar to the plaintiff's suit. Based on the Seventh Circuit's ruling in Fontana, we concluded that Illinois Brick had no application to cases involving allegations of vertical conspiracy.
The Manufacturer Defendants assert, however, that two recent cases, i.e., the Supreme Court's decision in Utilicorp and the Seventh Circuit's decision in Panhandle II, serve to bar the plaintiffs in the present case. Notwithstanding the fact that both Utilicorp and Panhandle II concerned only the narrow "cost-plus" exception to Illinois Brick  an issue not present here , the defendants maintain that these cases mandate the dismissal of vertical conspiracy cases where the plaintiff purchases directly from a wrongdoer. We disagree.
In neither case was a vertical conspiracy alleged. The consumers in Utilicorp and Panhandle II were plainly indirect purchasers who bought from an innocent party. Illinois Brick was therefore applicable, and the only question was whether the cost-plus exception to the indirect purchaser rule would be recognized because the plaintiffs purchased from regulated utilities. Panhandle II, 935 F.2d at 1476. The reviewing courts declined to interpret the cost-plus exception as applying to purchases from utilities. Id. at 1477-79.
The defendants argue that this judicial reluctance to expand the cost-plus exception to Illinois Brick translates into a sweeping prohibition of suits against entities occupying the uppermost tier of a vertical conspiracy, even where the plaintiffs purchase directly from a wrongdoer. In support of this argument, the defendants quote Panhandle II for the proposition that the "broader point" of the Supreme Court's decision in Utilicorp was that Illinois Brick should be applied even if the economic assumptions underlying that decision are not met. However, the discussion in Panhandle II concerned only the proper scope of the cost-plus exception. Panhandle II 935 F.2d at 1478. Taken in context, Panhandle II held only that even where the economic assumptions which justify the indirect purchaser rule are not met, the cost-plus exception should not be expanded. Id. Such a holding has no bearing upon a case involving allegations of vertical conspiracy. The Seventh Circuit's decision in Fontana remains the controlling law on that issue.
Contrary to the Manufacturer Defendants' assertions, Utilicorp and Panhandle II do not even arguably address the issue of whether vertical conspiracies are encompassed by Illinois Brick. Fontana continues to be good law, and the issue on which the defendants seek interlocutory review remains settled in the Seventh Circuit. No substantial grounds for difference of opinion have been shown.

B. Material Advancement of the Termination of This Litigation
Unless reversal of the critical issue would substantially accelerate the ultimate termination of the litigation, an interlocutory appeal is unwarranted. Thus, in cases such as the present one, where the pertinent question is relevant only to one of several claims, the courts have held that an immediate appeal will not materially advance the termination of the case, and interlocutory review should be denied. U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir.1966); *1083 Midwest Milk Monopolization Litigation, 380 F.Supp. 880, 888 (W.D.Mo.1974) (denying certification because disputed question of law affected only some antitrust claims made by some claimants).
This court's October 18, 1994 Order addresses only the ability of some of the plaintiffs to seek damages under § 4 of the Clayton Act.[1] Regardless of whether they are deemed indirect purchasers under Illinois Brick, however, all of the plaintiffs may still pursue injunctive relief under § 16 of the Clayton Act. See, e.g., In re Beef Industry Antitrust Litigation, 600 F.2d 1148, 1167 (5th Cir.1979) (concluding that Illinois Brick does not bar suits for injunctive relief by indirect purchasers). As a result, even if this court's ruling were to be reversed by the Seventh Circuit, the vertical conspiracy claims by the plaintiffs against the Manufacturer Defendants would continue. Only the form of the relief sought would be altered. It is worth noting that even if some of the damage claims were excluded, the plaintiffs would still be required to prove injury caused by the illegal vertical conspiracies in order to obtain injunctive relief. Cargill, Inc. v. Monfort of Colorado, Inc., 479 U.S. 104, 111-12, 107 S.Ct. 484, 489-90, 93 L.Ed.2d 427 (1986). Thus, much of the same evidence which would be required in a case for damages would still be necessary in a suit for injunctive relief. The same holds true for the individual plaintiffs' Robinson-Patman Act claims. Robinson-Patman Act claims are not subject to the indirect purchaser rule of Illinois Brick. See, e.g., White Industries v. Cessna Aircraft Co., 657 F.Supp. 687, 702-03 (W.D.Mo.1986), aff'd. 845 F.2d 1497 (8th Cir. 1988), cert. denied, 488 U.S. 856, 109 S.Ct. 146, 102 L.Ed.2d 118 (1988). As with the plaintiffs' claims for injunctive relief, the Robinson-Patman Act claims involve damage calculations which would include much of the evidence and economic theory applicable to the plaintiffs' vertical conspiracy damage calculations. Thus, even if this court's Illinois Brick ruling were reversed, this massive case would continue. Damage calculations might ultimately be simplified, but most of the damage issues would remain.
Certification for interlocutory appeal would not materially advance the ultimate termination of this litigation as required under § 1292(b). The Manufacturer Defendants' motion is therefore denied.

CONCLUSION
For the reasons set forth above, the Manufacturer Defendants' motion to certify for interlocutory appeal our October 18, 1994 Order denying the Manufacturer Defendants' motion for summary judgment is denied.
NOTES
[1] The plaintiffs allege that at least twenty percent of the Manufacturer Defendants' sales are made directly to retail pharmacies. Thus, even if the Seventh Circuit were to reverse this court's ruling, the damage claims for direct purchases by the individual plaintiffs from the Manufacturer Defendants would remain.