SUMMARY ORDER
Pro se plaintiff-appellant Johannes van Aggelen, a citizen of the Netherlands and a former employee of the U.N. Office of the High Commissioner of Human Rights at its headquarters in Geneva, Switzerland, appeals the sua sponte dismissal of his complaint pursuant to 28 U.S.C. § 1915(e). We assume the parties’ familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.
Upon de novo review, see Giano v. Goord, 250 F.3d 146, 150 (2d Cir.2001), we *409 conclude that the complaint was properly dismissed as all defendants are immune from suit. The United Nations enjoys absolute immunity under the U.N. Charter, the Convention on the Privileges and Immunities of the United Nations (“General Convention”), and the International Organizations Immunities Act (“IOIA”). See U.N. Charter art. 105, para. 1; General Convention, art. 2, § 2, Feb. 13, 1946, 21 U.S.T. 1418, 1422; International Organizations Immunities Act, 22 U.S.C. § 288a(b). The United Nations has informed both the district court and this Court by letter that it does not waive its immunity, and van Aggelen has presented no evidence to support a finding of a waiver.
Defendants Kofi Annan, former U.N. Secretary-General; Louise Arbour, former U.N. High Commissioner for Human Rights; and Mehr Khan Williams, former Deputy U.N. High Commissioner for Human Rights, are “diplomatic envoys” who are accorded “immunities ... in accordance with international law.” General Convention, art. 5, § 19 (according Secretary-General and all Assistant Seeretaries-General privileges and immunities accorded to diplomatic envoys); G.A. Res. 48/141, ¶ 2(c), U.N. Doc. A/RES/48/141 (Dec. 20, 1993) (giving High Commissioner for Human Rights rank of Under-Secretary-General). Under the Vienna Convention on Diplomatic Relations, art. 31, Apr. 18, 1961, 23 U.S.T. 3227, to which the: United States is a party, diplomatic envoys are granted full immunity subject to narrow exceptions not relevant to this litigation. Accordingly, Annan, Arbour, and Williams are immune from suit by van Aggelen in United States courts.
Defendant Alessio Bruni, a U.N. employee, does not enjoy full diplomatic immunity. Nevertheless, he is shielded by functional immunity under the General Convention for “all acts performed ... in [his] official capacity.” General Convention, art. 5, § 18(a); see also IOIA § 7b, 22 U.S.C. § 288d(b). Because all of the allegations in the complaint arise from van Aggelen’s employment at the United Nations and relate only to acts performed by Bruni within his official capacities as a U.N. employee, Bruni is immune from suit. See, e.g., Donald v. Orfila, 788 F.2d 36, 37 (D.C.Cir.1986) (concluding that termination of employment is an official function protected by functional immunity); see also D’Cruz v. Annan, No. 05 Civ. 8918, 2005 WL 3527153, at *1 (S.D.N.Y., Dec. 22, 2005) (dismissing employment case against U.N. officials based on functional immunity)-
We have considered van Aggelen’s remaining arguments and find them without merit. Accordingly, we hereby AFFIRM the judgment of the district court.