## AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES et al.

v.

## NATIONAL AERONAUTICS AND SPACE ADMINISTRATION et al.

Civ. A. No. H–78–2159.

United States District Court,
S. D. Texas,
Houston Division.

Jan. 3, 1980.

### ORDER

SINGLETON, Chief Judge.

This lawsuit involves a controversy over the form and manner of keeping payroll forms at the Ground Data Systems Division, GDSD, of the Johnson Space Center, JSC. The Plaintiffs allege that the present form of the Daily Time Sheet, JSC 943, and practice of leaving these sheets in open view violate the Privacy Act, 5 U.S.C. § 552a et seq. and the Fourth and Fifth Amendments to the United States Constitution.

Jurisdiction is based on 28 U.S.C. § 1331, § 1343 and 5 U.S.C. § 552a. The defendants have filed a Motion to Dismiss or in the Alternative for Summary Judgment pursuant to Fed.R.Civ.P. 12(b). The Motion to Dismiss will be treated as a Motion for Summary Judgment under Fed.R.Civ.P. 56.

The standard which guides the court in ruling on a Motion for Summary Judgment as contained in Rule 56(c) is that the motion should be granted if the evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

## The Privacy Act

This court has jurisdiction over the individuals' claims under this section through 5 U.S.C. § 552a(g)(1) which provides a private cause of action to individuals for violations of any provision of the Act and places jurisdiction in the district court.[1]

The Plaintiffs complain that the Daily Time Sheet, JSC 943, used at GDSD, JSC are "records" within the meaning of the Privacy Act and thus must be protected from disclosure unless an exception in 5 U.S.C. § 552a(b) to the general rule of privacy is applicable.

The forms discussed in this lawsuit which make up the payroll system seem to operate as follows: employees record their work hours daily on the Daily Work Sheet, JSC 943; this information is then posted to the BiWeekly Time and Attendance Report, JSC 1521, which ultimately is the basis for compiling payroll and other information. It is to be understood that this lawsuit and the holding announced herein relate only to JSC 943 and not the other forms mentioned in various affidavits and exhibits. Plaintiffs have not challenged the handling of forms other than JSC 943. See Plaintiff's First Amended Complaint, the Supplemental Bill and Exhibit A–1 (now JSC 943) attached thereto and Plaintiffs Response in Opposition to Defendents' Motion to Dismiss and in the Alternative for Summary Judgment p. 2, ¶ 2.

Neither party has provided the court with a complete list of the different forms used and which, if any, of those the agency has determined are protected by the Privacy Act or agency regulation.

However, it appears from the Affidavit of Robert E. Driver the Chief of the Financial Management Division at NASA, JSC, the manager of the Payroll System of Record since the Privacy Act of 1974 was enacted, and from Exhibit B–1, p. 1, to Plaintiff's First Amended Complaint that the only forms referred to in this lawsuit which are considered protected are the Time and Attendance Card, JSC 1521, and the Labor Distribution Record, JSC 921, not JSC 943.

Numerous arguments have been made concerning exhaustion of administrative procedures, the Union's lack of standing and other issues peripheral to the main controversy. Because of the court's judgment that the Daily Time Sheet (also called a sign-in/sign-out sheet) JSC 943, are not "records" within the meaning of § 552a(a)(4), discussion of these issues is unnecessary.

"Record" is defined as:

any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph; . . .

5 U.S.C. § 552a(a)(4).

Although this definition is not limited to information collected concerning education, financial matters or medical, criminal and employment history these categories indicate the type of information Congress determined should be protected by the shield of confidentiality in the Privacy Act.

 This court has determined that the posting of hours worked on sign-in/sign-out sheets, JSC 943, is not the type of information Congress intended to protect through the Privacy Act. The legislative history of the Privacy Act of 1974 is detailed in the Senate Report, S.Rep. 93–1183, 93d Cong., 2d Sess. [1974] 4 U.S.Code Cong. & Admin.

---

1. From the pleadings it appears that the individuals are plaintiffs as well as the Union, AFGE. See allegations and language in First Amended Complaint.

News, p. 6916 et seq. The lengthy exposition of this Act indicates in its totality a preoccupation with information that is substantively, i. e., in and of itself, reflective of some quality or characteristic of an individual. As an example the Senate Report referred to above states at p. 6966:

This [referring to the section which prohibits employee disclosure of records or personal data therein] would cover such activities as reading results of psychological tests, reporting personal disclosures contained in personnel and medical records, including questionnaires containing personal financial data filed under the ethical conduct programs of the agency.

It is designed to halt the internal blacklisting that frequently goes on in agencies . . . on persons who do not comply with the organizational norms and standards for some reason, such as not participating in savings bonds drives or charity campaigns; and the listing of results of employee tests or performances; . . .

See also pp. 6926–6928.

The time at which an employee arrives at work or departs for lunch is not this kind of substantive information. It only becomes so through the testimony of an individual who states that the times reported are inaccurate or false.

█ Based on the foregoing analysis this court holds that the sign-in/sign-out sheet, JSC 943, is not a "record" within the meaning of the Privacy Act.

All other allegations made by Plaintiffs in support of their claims are without merit.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that Defendants' Motion for Summary Judgment be and the same is hereby GRANTED.