**Samuel R. BROOKS, Jr., Plaintiff,**

v.

**VETERANS ADMINISTRATION, et al., Defendants.**

No. 88–4108–R.

United States District Court,
D. Kansas.

Sept. 23, 1991.

---

**1484**

Patrick R. Barnes, Scott, Quinlan & Hecht, Topeka, Kan., for plaintiff.

Jackie A. Rapstine, U.S. Attorney's Office, Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This case is now before the court upon long-pending cross-motions for summary judgment. The court has carefully reviewed the pleadings of the parties and has determined that both motions should be denied.

Under FED.R.CIV.P. 56, summary judgment shall be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, it is the court's obligation to view the facts in the light most favorable to the adverse party and to allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Summary judgment is appropriate against a party who fails to make a showing sufficient to establish that there is a genuine issue for trial about an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the absence of genuine issues of material fact. *Id.* at 323, 106 S.Ct. at 2552. However, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.* The nonmoving party is then required to go beyond the pleadings and by affidavits, depositions, answers to interrogatories and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Id.*

A party opposing a properly supported motion for summary judgment cannot simply rest on allegations and denials in his pleading without any significant probative evidence tending to support the complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). A genuine issue of material fact exists if the evidence is such that a reasonable factfinder could return a verdict

for the nonmoving party. *Id.* at 249, 106 S.Ct. at 2510–11. A mere scintilla of evidence in favor of the nonmoving party is insufficient to create a genuine issue of material fact and to avoid summary judgment. *Id.* at 252, 106 S.Ct. at 2512.

■ This is a Privacy Act case. Plaintiff alleges that his rights under the Privacy Act, 5 U.S.C. § 552a, were violated when an employee of defendant, Wanda Lyon, disclosed to plaintiff's friend, Loretta Kasting, that one doctor had supported and one doctor had not supported plaintiff's pending application for disability retirement.[1] Defendant claims that the disclosure of this type of information is not covered by the Privacy Act. Defendant further claims that even if this type of disclosure is covered by the Privacy Act, plaintiff cannot prove this was a "willful and intentional" disclosure, as required for recovery under the Privacy Act.

The Privacy Act places limits upon the disclosure of "records" maintained by federal agencies. See 5 U.S.C. § 552a(b). The term "record" is defined broadly as:

> any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph.

5 U.S.C. § 552a(a)(4). The Act further provides that if an agency "fails to comply with any ... provision of this section or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual, the individual may bring a civil action against the agency ..." 5 U.S.C. § 552a(g)(1).

■ Plaintiff has requested the court to issue an order of partial summary judgment finding that the "disclosure" of a doctor's support or lack of support of his disability retirement application is a violation of the Privacy Act. However, the employee who allegedly disclosed this information denies having done so. Furthermore, some of the people allegedly present when the disclosure was made have sworn that they have no recollection of such a disclosure. A factual issue exists as to whether a disclosure occurred and, therefore, plaintiff's motion for partial summary judgment must be denied.

As stated previously, defendant contends that the alleged disclosure did not violate plaintiff's rights under the Privacy Act because the information is not so "personal" as to be barred from disclosure under the Act. The statute does not expressly limit its coverage to "personal" information. The statute limits the disclosure of "records" which are defined without using the term "personal." The records must contain "information about an individual" however, which is arguably the same as "personal" information.

Defendant cites three cases in support of its argument that the alleged disclosure is not covered by the Privacy Act: *Houston v. United States Dept. of Treasury,* 494 F.Supp. 24 (D.D.C.1979); *American Federation of Government Employees v. National Aeronautics and Space Administration,* 482 F.Supp. 281 (S.D.Tex.1980); and *Parks v. United States Internal Revenue Service,* 618 F.2d 677 (10th Cir.1980). In *Houston,* the court held that information the plaintiff provided about his work assignments as an IRS agent was not covered by the Privacy Act.[2] In the *Ameri-*

---

**1.** We do not believe there is sufficient evidence of any other disclosure to create a triable issue. Ms. Kasting testified that she had knowledge of the nature of plaintiff's problems prior to her conversation with Wanda Lyon. Thus, any discussion of that matter by Ms. Lyon would not qualify as a "disclosure" under the Privacy Act. *Pellerin v. Veterans Administration,* 790 F.2d 1553, 1556 (11th Cir.1986). Furthermore, Ms. Kasting testified that she cannot recall how she learned of other information regarding plaintiff,

such as what kind of doctor he had seen. The circumstantial evidence is not sufficient for a reasonable person to conclude that such information must have come from Ms. Lyon.

**2.** This case has been criticized as taking an "unduly narrow" view of the Privacy Act. GUIDEBOOK TO THE FREEDOM OF INFORMATION AND PRIVACY ACTS, 2d Ed., § 2.04[3] at p. 2–32 (1991).

*can Federation of Government Employees* case, the court held that daily time sheets were not "records" covered by the Privacy Act. In *Parks*, the Tenth Circuit held that lists of employees who had not bought savings bonds, were "records" covered by the Privacy Act. The Circuit quoted the legislative history of the Act as follows:

> This section is designed to prevent the office gossip, interoffice and interbureau leaks of information about persons of interest in the agency or community, or such actions as the publicizing of information of a sensational or salacious nature or of that detrimental to character or reputation.
>
> This would cover such activities as reading results of psychological tests, reporting personal disclosures contained in personnel and medical records, including questionnaires containing personal financial data filed under the ethical conduct programs of the agency. *It is designed to halt the internal blacklisting that frequently goes on in agencies and on Federal installations of persons who do not comply with the organizational norms and standards for some reason, such as not participating in savings bonds drives or charity campaigns; and the listing of results of employee tests or performances.*
>
> S.Rep. No. 93–1183, 93d Cong., 2d Sess., reprinted in [1974] U.S.Code Cong. & Admin.News, pp. 6916, 6966 (emphasis added).

618 F.2d at 681.

■ We believe that whether an unidentified doctor supported or failed to support an employee's disability retirement application is an item of "information about an individual" which is covered by the Privacy Act. This information is ordinarily a part of a personnel or medical record. These records seem to be the focus for protection of the Privacy Act, according to the legislative history. There is evidence that this information was leaked, albeit briefly, during what could be termed as office gossip. We believe this information is sufficiently "personal" and not strictly job-related, so

that it falls within the broad statutory definition of "records" as well as within the purpose of the Privacy Act as described in the legislative history. Therefore, we reject defendants' first argument for summary judgment.

To recover damages under the Privacy Act for the violation alleged by plaintiff, plaintiff must demonstrate that the defendant agency "acted in a manner which was intentional or willful." 5 U.S.C. § 552a(g)(4). Defendants' second argument for summary judgment is that there is no proof that the disclosure was willful or intentional. The Tenth Circuit has stated:

> the term "willful or intentional" clearly requires conduct amounting to more than gross negligence. We are persuaded by the District of Columbia Circuit's definitions of willful or intentional that contemplate action "so 'patently egregious and unlawful' that anyone undertaking the conduct should have known it 'unlawful.'" *Laningham* [*v. United States Navy*], 813 F.2d [1236] at 1242 [D.C.Cir. 1987] (quoting *Wisdom v. Dept. of Hous. & Urban Dev.*, 713 F.2d [422] at 425 (8th Cir.1983)), or conduct committed "without grounds for believing it to be lawful" or action "flagrantly disregarding others' rights under the Act," *Albright* [*v. United States*], 732 F.2d [181] at 189, and we adopt those definitions, and add the view expressed in *Moskiewicz* [*v. United States Dept. of Agriculture*], 791 F.2d [561] at 564 (7th Cir.1986), that the conduct must amount to, at the very least, reckless behavior. Those and similar definitions, describe conduct more extreme than gross negligence.

*Andrews v. Veterans Administration*, 838 F.2d 418, 425 (10th Cir.1988).

■ Defendants' primary point is that the issue of whether the Privacy Act was violated is so close, any violation which is found cannot be considered reckless, willful or intentional. We are reluctant to grant summary judgment on this basis alone. See *Britt v. Naval Investigative Service*, 886 F.2d 544, 551 (3d Cir.1989) (case remanded when district court's summary

finding against plaintiff may have been based on mistaken belief that there had been no Privacy Act violation). Issues of what is intentional or what is reckless misconduct are often difficult to resolve on a summary judgment motion. There is evidence in the record to support the contention that a reasonable person should have known that the disclosure was a violation of the Act. Thus, a factual dispute exists which is improper to resolve in a summary judgment motion.

In conclusion, defendants' motion for summary judgment and plaintiff's motion for partial summary judgment are denied.

IT IS SO ORDERED.