**Thomas J. TOBEY, and the National Labor Relations Board Union, Plaintiffs,**

v.

**NATIONAL LABOR RELATIONS BOARD, Jerry M. Hunter, and Joseph H. Solien, Defendants.**

**Civ. A. No. 92–413.**

United States District Court, District of Columbia.

Oct. 30, 1992.

---

Joseph V. Kaplan, Passman & Kaplan, Washington, DC.

Marina Utgoff Braswell, Asst. U.S. Atty., Washington, DC, for plaintiffs.

Eric G. Moskowitz, Deputy Asst. Gen. Counsel, N.L.R.B., Washington, DC, for defendants.

## ORDER

REVERCOMB, District Judge.

■ Before the Court are two dispositive motions, fully briefed, and submitted on the papers: defendants' motion to dismiss and plaintiffs' motion for summary judgment.[1] For the reasons stated herein, plaintiffs' motion shall be denied and defendants' motion shall be granted.[2]

### Background

Plaintiff is employed by the National Labor Relations Board ("NLRB") as a field examiner. In 1979, the NLRB created a

---

1. Contained in defendants' motion to dismiss are motions to remove the National Labor Relations Board Union as plaintiff, and to dismiss Jerry M. Hunter and Joseph H. Solien as defendants. Plaintiffs do not oppose these elements of defendants' motion. However, the Court need not rule on whether these parties should remain in this case because of its conclusion that plaintiffs have failed to state a claim.

2. As is appropriate when considering a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "the complaint is construed in the light most favorable to plaintiff and its allegations are taken as true." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 304 (2d ed. 1990); *see Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686,

40 L.Ed.2d 90 (1974); *Shear v. National Rifle Ass'n,* 606 F.2d 1251, 1253 (D.C.Cir.1979). The Court's inquiry essentially is limited to the content of the complaint, although items appearing in the record of the case also may be taken into account. While the Court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory, as a practical matter, a dismissal under Rule 12(b)(6) is appropriate in cases "in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Wright & Miller, *supra,* § 1357, at 344. Additionally, the Court need not accept legal conclusions or conclusory allegations if these allegations do not reasonably follow from the events depicted by plaintiff. *See id.* § 1357, at 315–20.

computer system capable of tracking and monitoring the approximately 40,000 unfair labor practice and representation cases handled each year by the NLRB. This system, known as the Case Handling Information Processing System, or CHIPS, includes information concerning each case handled by the NLRB, including the case name, the allegations made, the number of employees involved, and the name or agent number of the field examiner assigned to a particular case. CHIPS is used primarily to make statistical information from the NLRB's regional offices available to headquarters in Washington. Although no formal system is used by the NLRB to group or utilize information regarding a particular field examiner, experienced NLRB supervisors may have the capability to conduct searches in CHIPS to retrieve information about an individual examiner.

Such a personalized search forms the basis of this lawsuit. On July 12, 1991, defendant Solien conducted a search in CHIPS to retrieve information about cases handled by plaintiff Tobey over the previous three years. This information was then used against Tobey in a grievance arbitration involving, *inter alia,* Solien's removal of Tobey from a promotion roster. The information extracted from CHIPS revealed the dates of significant action on cases handled by Tobey, such as the date a charge was filed and the date a charge was dismissed or the case closed. This information is probative of whether Tobey met the timeliness guidelines set by the NLRB for the handling of cases.

Plaintiffs argue that the use of information extracted from CHIPS to evaluate Tobey's work performance is a violation of the Privacy Act of 1974, 5 U.S.C. § 552a, which regulates the collection, maintenance, and use of personal information about individuals by government entities. Defendants concede that CHIPS does not conform to the requirements of the Privacy Act, but argue that the information contained in CHIPS does not fall within the purview of the statute. The issue is thus clearly defined. If the information extracted from CHIPS regarding plaintiff Tobey is within the jurisdiction of the statute, the plaintiffs are entitled to summary judgment because the statute has been violated per se. *See* 5 U.S.C. § 552a(g)(1). If, however, the information about Tobey is not regulated by the statute, then plaintiffs have failed to state a claim under the statute and defendants are entitled to a dismissal.

### Discussion

The Privacy Act regulates "systems of records" maintained by public agencies. A "system of records" is defined as "a group of any records under the control of an agency from which information is retrieved by the name of the individual...." 5 U.S.C. § 552a(a)(5). A "record" is

any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or identifying number, symbol, or other identifying particular assigned to the individual....

*Id.* § 552a(a)(4). The issue to be resolved by the Court in this case is whether the information contained in CHIPS pertaining to plaintiff Tobey is a "record" within the meaning of the statute.

In support of their argument that the information contained in CHIPS regarding Tobey is a "record," plaintiffs rely in part on a series of internal memoranda written by counsel for the NLRB between 1987 and 1991. *See* Plaintiffs' Opposition to Defendants' Motion to Dismiss, at Ex. A, C, D, E, & F. These memoranda state the opinion of the NLRB that CHIPS did not conform to the requirements of the Privacy Act, that information retrieved from CHIPS could be used to assist regional managers in evaluating the performance of field examiners, and that, until compliance with the Privacy Act was achieved, retrieval of information by name or personal identifier was not legal.

These memoranda are probative of the NLRB's position with respect to the protection to be given information available

from CHIPS as well as the potential uses of information retrieved from that system. The legal conclusions of the NLRB's counsel, however, do not bind this Court. *See Donald v. Orfila,* 618 F.Supp. 645, 647 n. 1 (D.D.C.1985), *aff'd,* 788 F.2d 36 (D.C.Cir.1986). Moreover, the Court's inquiry is not focused upon the potential use of information contained in CHIPS, but whether the information itself is of the type sought to be protected by the Privacy Act. *See Federal Labor Relations Auth. v. United States Dep't of Commerce,* 962 F.2d 1055, 1060 (D.C.Cir.1992).

Plaintiffs cite *Federal Labor Relations Authority v. United States Department of Commerce* for the principle that federal employees "have a substantial interest in maintaining the privacy of their evaluations." *Id.* at 1059. In that case, the Court of Appeals, balancing the competing interests of the Freedom of Information Act and the Privacy Act, held that the National Weather Service rightly refused to disclose the names of employees who had been given outstanding or commendable personnel evaluations. To do so, the Court reasoned, " 'may well embarrass an individual or incite jealousy in his or her co-workers.' " *Id.* (quoting *Ripskis v. Department of Housing & Urban Dev.,* 746 F.2d 1, 3 (D.C.Cir.1984)).

As with the NLRB's internal memoranda, the holding in *Federal Labor Relations Authority v. United States Department of Commerce* is inapposite in the present action because the information collected and used against plaintiff Tobey is not evaluative in nature, nor is it personal. Rather, the information concerning Tobey pertains to official government business, i.e., keeping track of NLRB cases and the agents assigned to handle them. "Standing by itself, or otherwise, it reveals nothing about [Tobey's] private affairs so as to trigger the protective provisions of the Privacy Act." *Houston v. United States Dep't of Treasury,* 494 F.Supp. 24, 28–29 (D.D.C.1979). In *Houston,* this Court held that no violation of the Privacy Act occurred from the placement in personnel files of informal notes made by a supervisor during conversations regarding the status of cases assigned to plaintiff, an internal revenue agent, or the use of those notes during subsequent evaluation proceedings. *See also American Fed'n of Gov't Employees v. National Aeronautics & Space Admin.,* 482 F.Supp. 281 (S.D.Tex.1980) (holding no Privacy Act protection for "sign in/sign out" forms used by NASA employees to record their daily work hours).

The present case closely resembles the facts in *Houston* and *American Federation of Government Employees.* The information maintained and used by the NLRB is not "personal" information about Tobey nor does it contain evaluations of his job performance. The fact that the information, when considered contextually and in conjunction with other information, might be useful to a supervisor in reviewing Tobey's work does not of itself bring such information within the protection of the Privacy Act.

The Court finds that the information retrieved from CHIPS concerning the NLRB cases handled by plaintiff Tobey is not a "record" within the meaning of the Privacy Act, and plaintiffs, therefore, have failed to state a claim under that statute. Accordingly, defendants' motion to dismiss is GRANTED. Case DISMISSED.

SO ORDERED.