**Thomas J. TOBEY, Appellant,**

v.

**NATIONAL LABOR RELATIONS BOARD, Appellee.**

No. 92–5509.

United States Court of Appeals, District of Columbia Circuit.

Argued May 10, 1994.

Decided Dec. 2, 1994.

Joseph V. Kaplan, Silver Spring, MD, argued the cause, for appellant.

Marina Utgoff Braswell, Asst. U.S. Atty., Washington, DC, argued the cause, for appellee. On brief were Eric H. Holder, Jr., U.S. Atty., John D. Bates and R. Craig Lawrence, Asst. U.S. Attys., and Eric G. Moskowitz, Deputy Asst. Gen. Counsel, N.L.R.B., Washington, DC.

Before EDWARDS, GINSBURG and HENDERSON, Circuit Judges.

Opinion for the court filed by Circuit Judge KAREN LeCRAFT HENDERSON.

KAREN LeCRAFT HENDERSON, Circuit Judge:

Thomas J. Tobey appeals the district court's dismissal of his complaint for failure to state a claim. Tobey brought suit against his employer, the National Labor Relations Board (NLRB), and two NLRB employees for allegedly violating the Privacy Act (Act). 5 U.S.C. § 552a. Specifically, Tobey alleged that the defendants, without giving proper notice in the Federal Register, maintained a "system of records," retrieved information from it and used the information against him in a grievance proceeding. The district court concluded that the information retrieved was not a record within the meaning of the Act and accordingly dismissed the complaint. Because the information was not "about" Tobey, we agree that it was not a record within the Act's scope and thus affirm the district court.

## I.

Under the Privacy Act, any agency that maintains a "system of records" must publish annually in the Federal Register a notice of the existence and character of the system. 5 U.S.C. § 552a(e)(4). A system of records means "a group of any records under the control of any agency from which information is retrieved by the name of the individual." Id. § 552a(a)(5). A record is "any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name." Id. § 552a(a)(4).

The NLRB employs a computer system capable of tracking and monitoring unfair labor practice and representation case data, including case names, allegations made, dates of significant events and the initials or identifying number of the field examiner assigned to the case. The system is called the Case Handling Information Processing System (CHIPS). Apparently, the NLRB has historically used the system primarily to produce tables for its annual report to Congress. See Brief for Appellees at 2. Nevertheless, an experienced user of the system can, by use of a field examiner's initials, retrieve files on cases assigned to that field examiner. The files retrieved, however, contain only the aforementioned data and no express evaluation of the field examiner's work.

The timeliness or efficiency with which a field examiner processes cases, including his ability to meet time goals, is one of four critical elements the NLRB uses in evaluating a field examiner's job performance. While the time goals themselves are not obtainable through the CHIPS data base, an NLRB official reviewing a case file retrieved through CHIPS could determine whether the assigned field examiner had met applicable time goals and might thereby draw inferences about the field examiner's job performance. The NLRB recognized this potential and in May 1989 announced its intent to give Federal Register notice regarding the existence and character of CHIPS in anticipation of using the system to evaluate examiner performance. Appendix at 38. The system had not been so used previously. Id. In October 1991 the NLRB circulated a memorandum to its supervisors directing them not to use CHIPS for employee evaluation until such notice was published. Id. at 50. To date, the NLRB has not given notice in the Federal Register of the existence and character of CHIPS.

Appellant Tobey works for the NLRB as a field examiner. In connection with a griev-

ance arbitration involving, among other things, Tobey's deletion from a promotion roster, NLRB Regional Director Joseph Solien, a defendant, conducted a CHIPS search of cases assigned to Tobey over a three-year period. He retrieved the data by means of a field search using Tobey's initials. The search results included the dates of significant activity for each case to which Tobey was assigned.

Tobey brought suit in district court against the NLRB and two NLRB employees, Solien, and Tobey's supervisor, Jerry M. Hunter, alleging that, without notice, they maintained and used a system of records (CHIPS) to retrieve personal information about him and disclosed that information to others. In addition, his complaint sought damages for the harm he allegedly suffered as a result of the use of the information against him in the grievance proceedings. The district court found that the NLRB had not met the notice requirements of the Privacy Act but concluded that the data retrieved were not "records" within the meaning of the Act. *Tobey v. NLRB*, 807 F.Supp. 798, 800–01 (D.D.C. 1992). The court therefore granted the NLRB's motion to dismiss. *Id.* at 801.

On appeal Tobey argues that the information retrieved was a record within the meaning of the Act. First, he contends that the district court improperly defined "record." Second, he argues that, even under the district court's improper definition, the information was a record.

## II.

Our inquiry begins, as it should, with an analysis of the Act's language. Under the Act, those agencies "maintain[ing] a system of records" must publish notice of the existence and character of the system in the Federal Register. 5 U.S.C. § 552a(e)(4). A "system of records" is, of course, made up of "records." *See id.* § 552a(a)(5). The Act defines "record" as:

> any item, collection, or grouping of information *about* an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history *and* that contains his

name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a fingerprint or voice print or a photograph.

5 U.S.C. § 552a(a)(4) (emphases added).

From this definition at least two requirements emerge. First, in order to qualify as a record, information must be "about" an individual. Second, in addition to being "about" an individual, the information must contain the individual's name or other identifying particular. The second requirement leads to an obvious conclusion about the first: the fact that information contains an individual's name does not mean that the information is "about" the individual. If it did, the first requirement would be surplusage. A fundamental principle of statutory construction mandates that we read statutes so as to render all of their provisions meaningful. *E.g., Mail Order Ass'n of Am. v. United States Postal Serv.*, 986 F.2d 509, 515 (D.C.Cir.1993). It is readily evident, therefore, that the information must both be "about" an individual and include his name or other identifying particular.

Focusing on the first requirement, we conclude that CHIPS is not a "system of records" because its files contain no records, that is, no information "about" individuals. Rather, they contain information "about" NLRB cases, such as the case name, the allegations made, the number of private-sector employees involved and the date of settlement, hearing, dismissal or closing of the case. Admittedly, the system also includes the number and initials of the field examiner assigned to the case. But this no more means the information is "about" the individual than it means the information is "about" the date on which the case settled. *Cf. Unt v. Aerospace Corp.*, 765 F.2d 1440, 1449 (9th Cir.1985) (observing that letter written *by* appellant was not *about* appellant). The number and initials of the examiner assigned are part of the overall *case* information.

In urging a broad definition of "record," Tobey cites "by analogy" our decision in *New York Times Co. v. NASA*, 920 F.2d 1002 (D.C.Cir.1990) (en banc). *See* Brief of Appel-

lant at 14, 18 n. 9. We find his analogy inapt.

In *New York Times* we analyzed exemption 6 of the Freedom of Information Act (FOIA) which excepts from FOIA disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Echoing the United States Supreme Court, we characterized the threshold test for what constitutes "similar files" under exemption 6 as a "minimal" one, requiring only that they contain " 'information which applies to a particular individual.' " *Id.* at 1004–05 (quoting *Department of State v. Washington Post Co.,* 456 U.S. 595, 602, 102 S.Ct. 1957, 1961, 72 L.Ed.2d 358 (1982)). This approach, while well-suited to the exemption 6 analysis, does not translate well to the Privacy Act notice context. On its face, the Privacy Act protects information that is "about" an individual, not that which simply "applies to" him. The latter category is a broad one, encompassing virtually all data that relate to an individual; the former, however, includes only information that actually describes the individual in some way.[1] The distinction we draw here, while perhaps somewhat technical, is necessary given the different functions that exemption 6 and the Privacy Act fulfill.

■ As the *New York Times* Court explained, "there is ... a very good reason why the exemption 6 threshold was set at a low level: information that fails to cross that threshold must be released without regard to any invasion of personal privacy that may result, and without regard to whether there is a sufficient public interest in its release to warrant the harm caused by that invasion of privacy." *Id.* at 1006. The exemption 6 analysis does not end, however, with the "applies to" test but requires the agency (or the court) to further examine each file that satisfies the low "similar files" threshold, balancing "the privacy interest of the person to whom it applies ... against the public interest in releasing it" to determine whether disclosure "would constitute a clearly unwar-

ranted invasion of personal privacy" so as to come within the exemption's protection. *Id.* at 1009. The Privacy Act notice requirement provides for no comparable bifurcated analysis that would justify a similarly low threshold for defining "records." Once documents are determined to constitute a "system of records" under the Act because they are "about an individual" and include his name or other identifying particular, the agency's inquiry is at an end and it must provide Federal Register notice of the system without consideration of the extent of the privacy interest in the records.

■ Without attempting to define "record" more specifically than we must to resolve the case at bar, we observe that the definitions of "record" offered by other circuits appear either too broad or too narrow. The Third Circuit, for example, has stated that information "could still be included within a 'record' as statutorily defined and protected by the Act if that piece of information were linked with an identifying particular (or was itself an identifying particular) and maintained within a system of records." *Quinn v. Stone,* 978 F.2d 126, 133 (3d Cir.1992). To the extent that this definition fails to require that information both be "about" an individual and be linked to that individual by an identifying particular, we reject it. For information to qualify as a record it must, at a minimum, satisfy both requirements. We similarly reject, as too narrow, the Ninth and Eleventh Circuits' definitions which require that information in the records "reflect some quality or characteristic" of the individual involved. *Unt,* 765 F.2d at 1449; *Boyd v. Secretary of the Navy,* 709 F.2d 684, 686 (11th Cir.1983), *cert. denied,* 464 U.S. 1043, 104 S.Ct. 709, 79 L.Ed.2d 173 (1984). So long as the information is "about" an individual, nothing in the Act requires that it additionally be about a "quality or characteristic" of the individual.

■ In sum, we conclude that CHIPS, as maintained by the NLRB, is not a system of

---

1. For example, while the recording of the astronauts' last words in *New York Times* "convey[ed] additional information that applie[d] to the astro-
nauts in the throes of their deaths," 920 F.2d at 1005 (emphasis added), it did not provide information that *described* the astronauts.

records "about" Tobey that required Federal Register notice. In so holding, we do not ignore Tobey's assertion that NLRB employees *could* use data from CHIPS in combination with other information to draw inferences about his job performance, as Solien apparently did. That possibility, however, does not transform the CHIPS files into records *about* field examiners. The judgment of the district court dismissing the action is therefore

*Affirmed.*