**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 99-11288

(Summary Calendar)

_____

JANET LOU DOUGLASS,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA; ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA, at Washington; U.S. ATTY, at Dallas; DEPT OF TRANSPORTATION; THE FEDERAL AVIATION ADMINISTRATION, Administrators; THE FEDERAL AVIATION ADMINISTRATION, Southwest Region Administrators; THE FEDERAL AVIATION ADMINISTRATION, Southwest Region Flight Standards Division Manager; ROGER G. KNIGHT; THE FEDERAL AVIATION ADMINISTRATION, Southwest Region Airways Facilities Assistant Division Manager; WALTER M. ERNST, JR., Federal Aviation Administration Southwest Region Certificate Management Office Manager; LOYD M. HALLIBURTON, Federal Aviation Administration Southwest Region Certificate Management Office Manager; MARVIN D. BENSON, Federal Aviation Administration Southwest Region Certificate Management Office Manager; THOMAS J. LUCAS, Individually and as Assistant Manager Federal Aviation Administration Southwest Region Airways Facilities Division; RONALD H. PEAY, Individually and as Manager Federal Aviation Administration Southwest Region Civil Aviation Security Division; PETER B. DODD, Individually and as Investigator Federal Aviation Administration Southwest Region Internal Security Branch; FEDERICO PENA, Secretary of Transportation; RODNEY SLATER, Department of Transportation,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Northern District of Texas
USDC No. 4:94-CV-364-E

---

July 20, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Janet Lou Douglass appeals the district court's dismissal of her complaint against the United States, the Department of Transportation ("DOT"), the Federal Aviation Administration ("FAA"), and various individuals (collectively, "the government). We affirm.

I

In May 1994, Douglass, a former FAA employee, commenced this action against the government. She asserted numerous claims, all of which stemmed from the DOT's alleged retaliation against her for "blowing the whistle" on an FAA Airway Facilities Manager and her alleged wrongful termination.[1]

---

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]    Douglass raised the following non-constitutional claims: non-Title VII discrimination claims based on race, physical disability (Douglass is diabetic), sex, and religion; and Title VII discrimination claims based on "whistle blowing activity and religion,", sex, race, gender, and reprisal; and violation of the Privacy Act, 5 U.S.C. § 552a, *et seq.*  She also claimed that (1) her Fifth Amendment rights were violated when her employment was suspended without a proper hearing, (2) her Fourth Amendment rights were violated when FAA investigators obtained her college transcript without her permission, (3) her First Amendment rights were violated when she was retaliated against by speaking out against illegal practices within the FAA, and (4) her Fourteenth Amendment rights were violated when she was sexually harassed by individuals at the FAA.

The district court dismissed most of the claims in Douglass's first amended complaint.[2]   It did not, however, dismiss  Douglass's Title VII claims based on gender and whistle blowing activity. Finally, the court granted Douglass leave to replead the claims that it had dismissed without prejudice.

Douglass was granted several extensions of time in which to file an amended complaint.  After she filed her second amended complaint, the government filed a motion to strike portions of the complaint, to dismiss, and for a more definitive statement.  Douglass then sought leave to file a third amended complaint, and the defendants renewed their motion.

In September 1998, the district court held that Douglass's second amended complaint contained "irrelevant and impertinent information interlaced with possible valid claims, rendering the complaint virtually incomprehensible to any analysis of the proper claims."  It further determined that Douglass had included claims previously dismissed with prejudice, and it required her to replead any proper claims. Finding that her third amended complaint suffered from similar defects, the court denied Douglass leave to file that complaint.

In the same order, the district court also denied the government's motion to dismiss and, in light of her *pro se* status, granted Douglass opportunity to amend her complaint again in order to state her claims with particularity. The court provided Douglass with a list of the claims still remaining and expressly instructed her not to include in her fourth amended complaint any claims previously dismissed with prejudice or on which it had granted summary judgment.  It further

---

[2]      Specifically, the court dismissed with prejudice (1) most  of Douglass's Title VII discrimination claims, (2) all Title 28 and Title 42 claims, (3) all constitutional claims, and (4) all non-constitutional torts. The district court dismissed without prejudice Douglass's (1) Title VII claims stemming from EEO complaints made in 1994 based on her failure to establish exhaustion of remedies, and (2) claim of unlawful discharge.   Finally, the court granted the government's motion for summary judgment on Douglass's Privacy Act claim.

instructed her to include in her complaint only the facts relevant to the remaining claims and to limit her filing to twenty-five pages. Noting the numerous extensions of time that had already been granted, the court stated that no further extensions would be granted without a showing of good cause and that failure to comply with its order could result in the dismissal of Douglass's actions.

Douglass requested, and received, an extension of time in which to file her amended complaint based upon her assertion that a "feeler of lightning" had damaged her computer. The court found Douglass's subsequent motion for extension of time—based upon a contention that her insurance company had still not repaired her computer—insufficient. The court did, however, grant her a brief four-day extension in which to file her complaint.

Douglass filed a timely third amended complaint and, two weeks later, a motion for leave to file a fourth amended complaint. The court granted her leave to file the fourth amended complaint, and the government and individual defendants moved to dismiss under Fed. R. Civ. P. 41(b), or, alternatively, for failure to state a claim.

In September 1999, the district court dismissed with prejudice the fourth amended complaint pursuant to Rule 41(b). In doing so, the court found that rather than following its instructions for filing, Douglass had "obstinately included in her Fourth Amended Complaint all the factual allegations of her proposed Third Amended Complaint, even though many of the factual allegations relate to claims previously dismissed by the Court." It further found that Douglass had tried to evade the its earlier orders by reducing the typeface of her complaint and including a twenty-eight-page allegation of facts as an exhibit and that her "repeated failure to properly plead or amend her cause of action and failure to comply with the Court's orders [had] caused undue delay and [was] evidence of bad faith."

On appeal, Douglass argues that the district court erred in dismissing her action under Rule

41(b). She further contends that the court erred in its May 1996 order by dismissing her *Bivens* claims, state and Title VII discrimination claims, ADA claim, malicious prosecution claim, and disparate treatment claims. Finally, she alleges that the court erroneously granted summary judgment on her Privacy Act claim.[3]

II

The district court dismissed Douglass's *Bivens*, ADA, retaliation, discrimination, tort (including malicious prosecution and wrongful termination), and disparate treatment claims for failure to state a claim. We review *de novo* a district court's dismissal for failure to state a claim under Rule 12(b)(6), applying the same standard as the district court. *See General Star Indem. Co. v. Vesta Fire Ins. Corp.*, 173 F.3d 946, 949 (5th Cir. 1999). In the same order, the court granted summary judgment in favor of the government on Douglass's Privacy Act claim. We review a grant of summary judgment *de novo*, applying the same standard as the district court. *See Melton v. Teachers Ins. & Annuity Ass'n of America*, 114 F.3d 557, 559 (5th Cir. 1997). Summary judgment is appropriate only if there is not genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Melton*, 114 F.3d at 559.

The district court dismissed Douglass's First, Fourth, Fifth, Thirteenth and Fourteenth Amendment claims, finding that the Civil Service Reform Act ("CSRA") was the proper avenue for

---

[3]     Douglass raises several other issues—including religious discrimination and the FAA's use of a "witch" to "maliciously and outrageously . . . covertly attack[]" her—for the first time in her reply brief. These claims are not properly before this court. *See Cinel v. Connick,* 15 F.3d 1338, 1345 (5th Cir. 1994) ("An appellant abandons all issues not raised and argued in its *initial* brief on appeal.") (emphasis in original). Douglass also makes cursory references to other claims that were dismissed in the district court's May 1996 Order. Because she fails to develop these arguments in the body of her brief, we consider these issues abandoned and do not address them in this opinion. *See Justiff Oil Co., Inc. v. Kerr-McGee Refining Corp.*, 75 F.3d 1057, 1067 (5th Cir. 1996).

redress of her constitutional claims. *See Bush v. Lucas*, 462 U.S. 367, 103 S. Ct. 2404, 76 L. Ed. 2d 648 (1983) (holding that the ability to bring a *Bivens* claim could be limited where Congress clearly intended to provide another remedy as a substitution for such suit). Douglass now argues that the district court erred in relying on *Bush* to dismiss her claims.

We have previously held that federal employees' *Bivens* claims under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments, are precluded by the CSRA. *See Rollins v. Marsh,* 937 F.2d 134, 139 (5th Cir. 1991). Accordingly, it is clear that Douglass's First, Fourth, Fifth, and Fourteenth claims are precluded by the CSRA. *See id.* Furthermore, we agree with the district court's application of *Bush* to bar Douglass's Thirteenth Amendment claim. While neither *Bush* nor *Rollins* considers a *Bivens* claim under the Thirteenth Amendment, the reasoning of these cases applies equally to such a claim in that the CSRA provides an adequate and alternative remedy for this claim. *See Bush*, 462 U.S. 388, 103 S. Ct. 2404. Similarly, the district court properly dismissed all of Douglass's non-constitutional tort claims, including her malicious prosecution claim, as barred under *Rollins. See id.* at 139-40 (holding that the existence of the CSRA prevents federal employees from bringing claims arising from their federal employment under either the Federal Tort Claims Act ("FTCA") or state law).[4] Douglass next argues that the district court erred in dismissing her ADA claim because "Title IX is covered by the ADA and since the [FAA] uses federal money for education purposes . . . it is a covered entity for purposes of the ADA." While Douglass did allege discrimination on the basis of a physical disability, diabetes, she did not explicitly base her claim below

---

[4]    Additionally, Douglass has failed to state a malicious prosecution claim because she has not alleged or shown that any criminal charges were ever filed against her. *See Goodson v. City of Corpus Christi*, 202 F.3d 730, 740-41 (5th Cir. 2000); *Brown v. Nationsbank Corp.*, 188 F.3d 579, 586-87 (5th Cir. 1999) (holding that under Texas law, plaintiff alleging malicious prosecution must show, *inter alia*, that criminal charges were filed against her).

on a violation of the AD and thus has arguably waived such a claim. However, even if she has not waived her claim, the district court's dismissal was proper because the ADA specifically excludes the United States from the definition of an "employer." *See* 42 U.S.C. § 12111(5)(B)(i). Accordingly, neither the United States nor its agencies is a covered entity under the ADA. *See id.* § 12111(2).

Next, finding that Douglass had failed to distinguish the facts supporting her discrimination claims not raised under Title VII from those supporting her Title VII discrimination claims, the district court dismissed the former category of claims. *See Jackson v. Widnall,* 99 F.3d 710, 716 (5th Cir. 1996) ("[T]itle VII provides the exclusive remedy for employment discrimination claims raised by federal employees."); *see also Rowe v. Sullivan,* 967 F2d. 186, 189 (5th Cir. 1992) (holding that claims for relief under 42 U.S.C. § 1981, 1983 and 1985 arising from the same set of facts as Title VII claims were barred). On appeal, Douglass fails to argue, let alone prove, that there is any independent basis for her non-Title VII discriminations claims. Accordingly, the district court's dismissal was proper. *See Jackson*, 99 F.3d at 716.

The district court also dismissed most of Douglass's discrimination claims raised under Title VII for failure to exhaust administrative remedies, failure to wait 180 days after filing the complaint with the FAA before filing in federal court, or refusal to seek relief under the proper statutory provision. On appeal, with respect to the dismissed Title VII claims based on complaints filed in October1993, Douglass fails to even argue that she did in fact exhaust her administrative relief by contacting an EEO counselor within forty-five days of the alleged discriminatory conduct. *See* 29 C.F.R. § 1614.105; *Wilson v. Sec., Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995). Similarly, Douglass fails to argue or show that the district court erred in determining that she failed to wait the required 180 days after filing four complaints in 1994 before filing suit in federal court.

Finally, Douglass fails to explain why her claim of racial discrimination was properly filed under 42 U.S.C. § 2000a-6 (addressing racial discrimination in public places) rather than § 2000e-16 as instructed by the district court. In short, Douglass fails to provide any evidence or argument that the district court erred in dismissing all but two of her Title VII claims.[5]

Finally, Douglass argues that the district court erred in granting summary judgment on her Privacy Act claim arising out of the FAA's disclosure of her phone call to that agency's complaint hotline.[6] On appeal, Douglass argues that her call to the FAA hotline was a protected record under the Privacy Act and that the FAA's disclosure of her hotline control number was a violation of that act. *See* 5 U.S.C. § 552a, *et seq.* We agree with the district court that Douglass's Privacy Act claim lacks merit because the disclosed information was not "about" her. *See Tobey v. N.L.R.B.*, 40 F.3d 469, 471 (D.C. Cir. 1994).[7] Additionally, the FAA's use of the hotline information fell under the "routine use" exception to the Privacy Act because the information was used to investigate the person against whom Douglass made allegations of impropriety. S*ee* 5 U.S.C. § 552a(a)(7) (defining "routine use" as "the use of such record for a purpose which is compatible with the purpose for which it was collected); 5 U.S.C. § 552a(b)(3) (permitting disclosure of record if it would be for a routine

---

[5]     Since the district court did not dismiss Douglass's Title VII claims based on whistle blowing activity and gender, we consider their dismissal as part of the district court's subsequent dismissal under Rule 41(b).

[6]     In 1988, Douglass phoned the FAA complaint hotline to report purported criminal activities by the manager of the Airway Facilities Division. The FAA subsequently circulated two internal memoranda that identified Douglass's allegations and hotline control number but not her name. Shortly thereafter, the *Fort Worth Star-Telegram* printed two stories discussing the investigation into the allegations, but also not identifying Douglass's name.

[7]     As an initial matter, because only agencies may be sued under the Act, the court properly dismissed Douglass's Privacy Act claim against the individual defendants. *See Petrus v. Bowen,* 833 F.2d 581, 582-83.

use as defined in § 552a(a)(7)).

                                        IV

Finally, Douglass argues that the district court erred in dismissing the remainder of her action for failure to obey court orders. We review the dismissal of an action under Rule 41(b) for abuse of discretion. *See Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998).

Dismissal with prejudice under Rule 41(b) is an extreme sanction, and, accordingly, we have "consistently refused to permit a court to impose this sanction unless the history of a particular case discloses both (1) a clear record of delay or contumacious conduct by the plaintiff, and (2) that a lesser sanction would not better serve the interest of justice." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citations omitted). This strict standard has been satisfied here. Douglass was allowed to file numerous amended complaints. The district court, conscious of Douglass's *pro se* status, has repeatedly instructed her as to what to include, and what not to include, in her pleadings so as to produce a comprehensible complaint. Douglass has routinely disregarded these instructions. The district court was well within its discretion in determining that Douglass's actions—including filing her page-limited complaints in noticeably small typeface and attaching as exhibits lengthy factual recitations—evidenced an "attempt to escape the requirements imposed upon her by the Court." It also properly noted that despite the court's numerous efforts to accommodate her, Douglass refused to comply with its orders and, consequently, caused undue delay and exhibited bad faith. We too are cognizant of Douglass's *pro se* status. Nonetheless, given the lengthy delay that Douglas has caused, the prejudice to the government in not having a sufficient complaint to answer, and the evidence that

lesser sanctions would not have been effective,[8] the district court's dismissal of the action under Rule 41(b) was not an abuse of discretion. *See Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986).

V

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[8]    For example, despite the fact that Douglass was previously warned that dismissal was possible if she did not adequately plead her cause of action, she nonetheless repeatedly failed to do so.

-10-